HUIE v. STATE.

Opinion delivered June 23, 1919.

HOMICIDE—ASSAULT WITH INTENT TO KILL—SUFFICIENCY OF EVIDENCE. —A conviction of assault with intent to kill will not be set aside because the testimony showed that the pistol with which the assault was made was not cocked.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Edwin Hiner,* for appellant.

The law of this case is well settled by this court. The verdict is not supported by the evidence, but is against it. The proof is insufficient to show the "present ability to do bodily harm," and there could not be a specific intent to kill at the time, as the pistol was not in shape to fire at the time the alleged assault was made, nor was a specific intent to kill shown by the testimony, but all the proof is against it.

*John D. Arbuckle, A*ttorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The evidence sustains the verdict, as it shows the assault, the present ability and the intent to kill. 2 Bishop's New Cr. Law, § 23; 108 Ark. 312-314; 103 *Id.* 28.

2. The jury have settled the facts, and the verdict should stand. 82 Ark. 372; 104 *Id.* 162.

McCULLOCH, C. J. Appellant was convicted of the crime of assault with intent to kill, alleged to have been committed by assaulting Will Witcher, a police officer in the City of Fort Smith. The sole ground urged for reversal of the judgment is that the evidence is insufficient to sustain the judgment of conviction, in that it fails to show that appellant's attempt to do bodily harm to Witcher was coupled with present ability to do so, or that there was specific intent to kill.

The testimony adduced by the State tends to show that Witcher was on the lookout for appellant to arrest him on a charge of grand larceny and, meeting him on the street, attempted to arrest him, when appellant resisted and drew a pistol and extended it against Witcher's side or stomach. Witcher grabbed the pistol and disarmed appellant and fired at appellant as the latter ran away. Witcher testified that when he secured the pistol he found that the hammer was on "safety," or in other words, that the pistol was not cocked. It is contended that the fact that the pistol was not cocked makes the proof insufficient to establish the "present ability" to do bodily harm and that there could not have been a specific intent to kill in a legal sense when the pistol was not in shape to fire at the time the assault was made. Neither of these contentions is sound for the reason that the intent to kill may have existed in the mind of the accused, even though he was mistaken in assuming that the pistol was cocked or for the reason that he may have had the intention of cocking it before the felonious consummation was interrupted and there was a present ability to do bodily harm, though the pistol was not in shape to

be fired until it was cocked.  The question as to what is essential, in order to constitute an assault under such circumstances as are involved in this case, was discussed in the recent cases of *Sullivan* v. *State,* 131 Ark. 107; *Johnson* v. *State,* 132 Ark. 128.

It is a mooted question whether or not the pointing of an unloaded pistol constitutes an assault.  2 Wharton's Criminal Law, section 800; 2 Bishop's Criminal Law, section 3132.  But the mere fact that the pistol was not cocked does not deprive the act of the essential feature of present ability to do harm with the weapon, for no appreciable length of time is required to cock a pistol, and, therefore, the ability to inflict a bodily injury is immediately present.  When a pistol is unloaded, it is not in condition to use as a weapon, but the act of raising the hammer or moving the safety plate is an act which may be done so quickly that it cannot be considered merely as an intervening act in preparation for an assault.  It was, under the circumstances of the case, a question of fact for the jury to determine whether the specific intent to kill existed at the time of the assault, for the assault was interrupted, and the jury might have found that appellant intended to cock the pistol and fire, and that he had the intent to kill and would have cocked it as soon as he ascertained that it had not been cocked if he had not been interrupted in the consummation of the felonious act.

We are of the opinion, therefore, there the evidence was sufficient to sustain the verdict.

Judgment affirmed.