Duren *v.* State.

## Opinion delivered December 18, 1922.

1. Burglary—evidence of intent to commit felony.—In a prosecution for burglary, alleged to have been committed with intent to steal 50 cases of Coca Cola and 300 cases of soda pop, evidence merely that defendant reached his hand through a small hole in a window and picked up a bottle worth only a few cents, without any evidence showing an intention to remove a considerable quantity of the bottles, *held* insufficient to sustain a conviction, it not appearing that the entry was for the purpose of committing a felony.

2. Burglary—intent to commit felony.—In burglary prosecutions it is not essential that the State prove by direct evidence the intent to commit a felony, and such fact may generally be established by proof of circumstances, but the jury can draw only reasonable inferences in order to discover the intent of the burglar.

Appeal from Scott Circuit Court; *John Brizzolara,* Judge; reversed.

*I. S. Simmons* and *Kincannon & Kincannon,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

McCulloch, C. J. Appellant, Aubrey Duren, was jointly indicted with Jack Searl by the grand jury of Scott County for the crime of burglary, alleged to have been committed by entering a building occupied by the Coca-Cola Bottling Company, a corporation, with intent to steal fifty cases of Coca-Cola of the value of sixty-five dollars, and three hundred cases of soda pop of the value of two hundred and fifty dollars, all the property of said Coca-Cola Bottling Company, and, on separate trial, appellant was convicted and sentenced to the penitentiary.

The only assignment of error urged on this appeal is that the evidence is insufficient to support the verdict. The house alleged to have been burglarized is situated in the town of Mansfield, in Scott County, and was occupied by the Coca-Cola Bottling Company, a corporation, as a warehouse or place of storage for the commodi-

ties which it had for sale, towit: soda pop and Coca-Cola. The building was in charge of a Mr. Gilliam, an employee, who, according to the testimony, went out with a truck for delivering soda pop and Coca-Cola in the morning and usually returned in the afternoon. Gilliam testified that, when he returned to the warehouse on the evening of February 9, 1922, he discovered that a glass in one of the back windows was broken, and that, being impressed with the fact that the breaking had occurred with an unlawful purpose on the part of some person to enter the house, he decided to watch that night for the intruder, and did so. The witness did not state the size of the glass, but said that about one-third of it was broken out, and that the cases of soda pop and Coca-Cola were stacked up against the wall, extending up to the window, part of it in reach of any one standing on the outside. Nearly all the cases were unbroken, but a few of them were open cases. The soda pop was next to the window, and extended partially over the front of the window. The witness stated that he had not observed the broken glass in the window until that afternoon when he came back with the truck; that he usually examined the premises every day and was satisfied that if the window had been broken prior to that day he would have noticed it. He testified that he secreted himself in the building that night, and that about nine o'clock he heard voices on the outside, one person saying to another "You watch for me," and that immediately a hand was extended through the broken glass and the person picked up a bottle of soda pop in his hand; that at that time he fired a shot at the intruder, who jerked his hand back through the glass and ran away. Witness went out then and discovered that Searl was the man who had reached through the window and picked up the bottle, and that appellant was the one who stood by.

Gilliam testified that some one had been there before and disturbed the cases, for he noticed that some of them had been turned around. He did not state that he missed

any quantity, nor did he state when he observed the previous disturbance of the property, but the inference is that it was about the time or immediately before the entry on this occasion.

Our conclusion is that the testimony is not sufficient to sustain the conviction, for the reason that it is not shown that the entry was for the purpose of committing a felony.

The statute defines burglary as "the unlawful entering a house * * * with intent to commit a felony." Crawford & Moses' Digest, § 2432, as amended by Acts of 1921, p. 69. The felony which was the subject of appellant's intention in committing the crime as charged in the indictment was grand larceny, which is stealing, taking and carrying away personal property of another of more than ten dollars in value.

This court has decided that the offense of burglary is complete even though the intention to commit a felony is not consummated. *Dodd* v. *State,* 33 Ark. 517; *Harvick* v. *State,* 49 Ark. 514; *Ragland* v. *State,* 71 Ark. 65; *Monk* v. *State,* 105 Ark. 12; *Birones* v. *State,* 105 Ark. 82; *Thomas* v. *State,* 107 Ark. 469.

This rule has been extended in some of the cases cited above so as to hold that the offense is complete in the case of entry to commit grand larceny, even though it turns out that there was not sufficient property in the house to amount to ten dollars in value.

It is not our purpose in the present decision to recede in the least extent from the doctrine of those cases, but we think that the evidence in this case, giving it the highest probative force against the accused, is not sufficient to warrant the inference that the entry of the house was for the purpose of stealing property of more than ten dollars in value.

The entry was accomplished merely by Searl thrusting his hand through a small hole in the broken glass in an attempt to take, not a case of soda pop or Coca-

Cola, but to take one or more bottles. There was no apparent arrangement to remove from the building any considerable quantity of the commodity, nor is there any evidence at all of any preparations on the outside for carrying off a quantity of the stuff. The retail price of these bottles of soda pop and Coca-Cola is only a few cents, and it is entirely unreasonable to believe that the party who thrust his hand through the hole in the glass did so with the intention of taking out enough of those bottles to amount to ten dollars in value.

It is not essential that the State prove by direct evidence an intention to commit a felony, for this fact may be, and generally is, established by proof of circumstances which indicate the intention of the burglar; but the jury can only draw reasonable inferences in order to discover the intent of the intruder, and it is not at all reasonable to say that there was any indicated intention in the present instance to take out any considerable quantity of the beverages mentioned above.

There being insufficient testimony to support the verdict, the judgment must be reversed. The cause will not be dismissed, inasmuch as the State may be able to produce other testimony indicating the intention of the parties in entering the house.

The judgment is therefore reversed, and the cause is remanded for a new trial.