SHELL *v.* STATE.

Opinion delivered September 28, 1931.

*Alexander & Cooper* and *T. J. Crowder,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

MEHAFFY, J. Appellant was convicted of the violation of act 121 of the Acts of 1925, the first section

of which reads as follows: "It shall be unlawful for any person, firm, or corporation to have in their possession any alcoholic, vinous, malt, spirituous or fermented liquor or any compound preparation thereof commonly called tonics, bitters, or medicated liquors for the purpose of sale as a beverage."

The second section of this act provides that on conviction the person shall be fined in any sum not more than $1,000 and not less than $50.

The jury found the appellant guilty and fixed his punishment at a fine of $100, and judgment was entered accordingly. This appeal is prosecuted to reverse the judgment of the circuit court.

The appellant lived in a small house on the premises of Mr. Spicer. The officers had a search warrant to search the premises of Mr. Spicer and went there about ten o'clock at night. Just before arriving at the premises, they met a Mr. Chapple coming out and stopped him and questioned him and let him go on. They then went on to the house and found at the front porch 10 gallons of liquor. The appellant came out on the porch partly dressed, and the officers arrested him.

The evidence showed that some time, possibly a year before this, 15 gallons of whiskey were found in this same house where appellant lived; he was arrested, entered a plea of guilty, and was fined. The appellant testified that he knew nothing about this 10 gallons of liquor, did not know that it was at his porch, it did not belong to him, and it was not in his possession, and he did not have it for sale. He admitted that on a former occasion the officers had found 15 gallons in his home, and that he paid a fine for possessing it for sale.

Appellant insists that the case should be reversed, first, because the evidence did not show that the liquor was the kind prohibited by law, and did not show that it was intoxicating. Both the State and appellant treated it as intoxicating liquor or whiskey, and Mr. Wilson, one of the witnesses, was asked the question: "Was the whiskey on the porch, or under the porch, or near the porch?"

He answered that when he saw it it was right against the porch. He also said that Mr. Lindsey got there before he did, and when he got there Mr. Lindsey said: "Here is ten gallons of whiskey I found at the front porch."

There was no contention that it was not intoxicating liquor. The evidence was sufficient to justify the finding by the jury that the liquor found was intoxicating. *Fuller* v. *State,* 179 Ark. 914, 18 S. W. (2d) 913.

It is next contended that the evidence does not show that it was in the possession of the defendant. The evidence, however, shows that the liquor was found at the porch of the house where appellant lived; appellant testified that it was his home, and that he had been living there several years.

The fact that the whiskey was found at appellant's front porch on the premises controlled by him, together with the fact that he had formerly engaged in the business, and had 15 gallons of liquor in his house, was sufficient to justify the jury in finding that the liquor was in the appellant's possession.

Possession is such control of property that the person having it may legally enjoy it to the exclusion of others, and it means that which one occupies or controls. He was in possession of this liquor in the sense that he was in possession of anything else on the premises. Of course, it is possible that liquor or anything else could be put on one's porch or in his house without his knowledge, but whether he was in possession or not was a question for the jury, and the evidence on this issue was sufficient to justify their verdict.

It is next contended that the evidence does not show that it was in his possession for sale. Before the appellant's conviction under the act would be justified, it must appear that he had the liquor for the purpose of sale as a beverage. The evidence tending to show that he had the liquor for sale as a beverage is not very strong. As to whether he did or not was a question of intention, and as a general rule the intention can be proved only

by circumstances. No one can testify as to what another's intentions are. One might have possession of whiskey, or it might be on his premises under such circumstances as would contradict the idea that he had it for sale; or it is possible that one might give such an explanation of its possession that would show that it was not kept for sale, but we have no explanation; the appellant simply denies that he possessed it, and denies any knowledge of it at all.

Intention or purpose is a fact which can not, in the nature of things, be positively known to others. Others can not testify directly as to what one's intention or purpose is. It is not a presumption of law, but an inference of fact that the jury may draw from the facts and circumstances introduced.

The fact that a ten gallon vessel of whiskey was found at his porch, together with the fact that he had, something like a year before that time, been in possession of 15 gallons of whiskey which he had for sale, and the fact that a person was coming from his house at this time of night, and the fact that there was no explanation or suggestion that the liquor was kept for any other purpose, was sufficient to submit the question to the jury, as to whether he possessed the liquor for sale.

The jury was composed of men of the county where appellant had lived a number of years, and the court told the jury that it was not a violation of the statute to possess intoxicating liquor in a private residence unless the possession is for some illegal purpose, and that in this case it was the duty of the jury to acquit, unless they found beyond a reasonable doubt that the defendant possessed the liquor in question for the purpose of selling it. They were told by the court that if they had a reasonable doubt either that the liquor was in his possession, or, if in his possession, for the purpose of sale, it would be their duty to acquit the defendant. The jury were therefore properly instructed. The jury was the sole judge of the credibility of the witnesses and the

252

weight to be given to their testimony, and we think the facts and circumstances introduced were sufficient to support the jury's finding.

The judgment of the circuit court is affirmed.