HICKS *v.* STATE.

4961                                    328 S. W. 2d 265

Opinion delivered October 26, 1959.

*Charles Roscopf* and *W. G. Dinning, Jr.*, for appellant.

*Bruce Bennett*, Atty. General, by *Bill J. Davis*, Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J.   Hicks was tried upon two charges of burglary, it being alleged that he broke and entered the dwelling of J. W. Stevens and on another occasion broke and entered the dwelling of Frank De-Gunnion.   The informations did not specifically allege that the unlawful entries were made with the intent to commit the felony of assault to rape, but the State's proof was to that effect, and the jury were instructed upon that theory of the case.   Hicks was found guilty and appeals from a judgment sentencing him to the maximum confinement of twenty-one years upon each count.

The judgment must be reversed for the court's error in permitting a deputy sheriff and others to testify that Stevens' daughter and DeGunnion's wife had each identified Hicks by singling him out in a lineup of suspects arranged by the police.   We have frequently held that the admission of such testimony constitutes reversible error; the cases were reviewed recently in *Trimble & Williams* v. *State*, 227 Ark. 867, 302 S. W. 2d 83, and need not be re-examined in this opinion.

Among the other asserted errors there is one matter that should be discussed, as it is apt to recur upon a new trial.   The State was allowed to prove, in addition to the two unlawful entries described in the informations, that at about the same period Hicks had wrongfully entered a third dwelling and committed rape therein and had attempted to break into a fourth house by

cutting a window screen. The court charged the jury that the evidence of the other offenses was admitted only for its bearing upon the defendant's intent in the two cases being tried.

The State had the burden of proving, by the circumstances if not by direct evidence, that Hicks made each of the two unlawful entries charged in the informations, with the specific intention of committing an assault with intent to rape. Ark. Stats. 1947, § 41-1001, as amended in 1955; *Duren* v. *State,* 156 **Ark. 252, 245** S. W. 823; *Sanders* v. *State,* 198 Ark. 880, 131 S. W. 2d 936. In neither instance was Hicks' intention incontrovertibly established by his own conduct, for he was frightened from both houses as soon as his presence was discovered. In the DeGunnion home he was seen in a lighted hallway and fled at once when an alarm was given; in the Stevens home he pulled the cover off Stevens' sleeping daughter but ran away when the girl screamed.

In view of this proof the State was properly permitted to show that Hicks had entered another dwelling and committed rape. This case differs from *Alford* v. *State,* 223 Ark. 330, 266 S. W. 2d 804, relied on by the appellant, in that there Alford overpowered his victim and ravished her, so that his intention could not be in doubt. Here the intention with which Hicks broke and entered the Stevens and DeGunnion houses was not demonstrated by an unequivocal overt act; hence evidence of a similar offense was competent to assist the jury in ascertaining his real intention. On the other hand, the fact that he had previously cut a window screen in an effort to effect an entry for some unknown purpose could shed no light upon the specific reason for the unlawful entries upon trial. Consequently that evidence should have been excluded, for the reasons given in the *Alford* case.

Reversed.