GRAVES & PARHAM *v.* STATE.

5079 and 5080                               370 S. W. 2d 806

Opinion delivered September 30, 1963.

*Skillman & Webb,* for appellant.

*Bruce Bennett,* Attorney General, by *Russell J. Wools,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, J. The two appellants, Deltha Ann Graves and Dan Parham, were separately charged with the crime of robbery. The cases were consolidated for trial and resulted in verdicts of guilty, with a sentence of seven years imprisonment in each case. On appeal the principal issue is the sufficiency of the evidence.

We view the testimony in the light most favorable to the verdicts. The State's principal witness was Leonard D. Bronk, the victim of the robbery. Bronk testified that he had been having dates with Deltha, who was separated from her husband. On the night of the crime Deltha telephoned Bronk, who arranged to pick her up at a service station in Memphis. The couple first drove to Deltha's apartment, which she said she had forgotten to lock. The jury might have believed, however, that this statement was merely a pretext and that the woman really went to the apartment to report to her husband and to the other defendant, Dan Parham, who were eating supper there.

Bronk testified that Mrs. Graves wanted to drive over to Marion, Arkansas. Between West Memphis and Marion the couple were overtaken by Graves and Parham, who tried to stop Bronk's car. He at first eluded them, but a little farther down the highway Deltha took the keys from the car, forcing Bronk to stop. Graves and Parham again caught up, alighted from their car, and came up to Bronk and Mrs. Graves.

According to Bronk, Graves demanded $25 from Bronk for his being out with Graves' wife, and Parham offered to fight Bronk on account of Bronk's having had

Parham arrested a few days earlier. Bronk had locked the doors of his car, but his assailants broke the windows and attacked Bronk, knocking him unconscious. When he recovered consciousness he found that $128 was missing from his wallet. The money had been in the form of a one-hundred-dollar bill, two tens, a five, and three ones. When Parham and Mr. and Mrs. Graves were arrested they had in their possession, along with other currency, bills that corresponded in denomination to those described by the prosecuting witness. When Mrs. Graves was taken into custody she attempted to hide a one-hundred-dollar bill in her shoe.

The three who were implicated in the robbery denied the State's testimony. They insisted that Parham and Graves had followed the Bronk car only because Bronk was forcing Deltha Graves to accompany him. According to the defendants, no assault or robbery occurred; Parham and Graves merely rescued Mrs. Graves from her abductor.

Upon the conflicting testimony the issues of fact were properly submitted to the jury. The appellants are in error in arguing that the State's failure to prove its case beyond a reasonable doubt entitles them to a reversal. The jury must be convinced of the accused's guilt beyond a reasonable doubt, but there is no requirement that the members of this court be similarly persuaded by the proof. Here the test is that of substantial evidence. If the verdict is supported by such proof we are not at liberty to disturb the conviction, even though we might think it to be against the weight of the evidence. *Fields v. State,* 154 Ark. 188, 241 S. W. 901.

Error is predicated upon the trial court's refusal to give this requested instruction: ''In weighing the testimony of police officers, greater care should be used in weighing their testimony than that of an ordinary witness because they are in effect hired witnesses and have a natural and unavoidable tendency to procure and remember with partiality such evidence as would be against a defendant or defendants.'' This assignment of error is wholly without merit. The assertion that every police

officer is invariably a prejudiced witness is so plainly unfounded as not to require serious notice. Had the requested instruction been given the court would have fallen into error, not only because the charge involves a misstatement of fact but also because it would have amounted to a comment by the court upon the weight of the evidence.

It is also contended that the bills taken from the appellants and from Graves were improperly received in evidence and, further, that the prosecuting attorney was permitted to make an improper argument. These contentions do not appear to have merit, but we forego an extended discussion, for there was no objection to the introduction of the bills and no exception to the court's ruling upon the prosecutor's argument.

Affirmed.