DALE E. SCATES and TERRELL BLAYLOCK
v. STATE OF ARKANSAS

5326                                    424 S. W. 2d 876

Opinion delivered March 11, 1968

*Harry Robinson,* for appellants.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. On December 9, 1966, the appellants, Dale Scates and Terrell Blaylock, were charged with the crime of burglary in an information filed by the prosecuting attorney of Pulaski County. They were tried and convicted on July 19, 1967, and have appealed.

The facts briefly are these: On June 4, 1966, at approximately 2:15 a.m., the North Little Rock police were advised that a burglary was in progress at the Southern Grill, 18 Railroad Avenue. Upon arrival at the cafe, the police found Terrell Blaylock, one of the appellants, inside the restroom of the cafe, behind the door, with a tire tool on the floor behind him. The owner of the cafe was called and she unlocked the back door. The officers searched the cafe and the appellant, Dale Scates, was found hiding under a raincoat in the kitchen inside the cafe. A window had been broken out about eight feet above ground level over the front door of the cafe and was of sufficient size to allow a man to enter through it. All doors were locked and the broken window was the only means of entrance found. An automobile belonging to appellant Blaylock's mother was found parked behind the building. The cafe owner testified that nothing inside the cafe was missing or broken into, but also testified that appellants had no permission to be inside the building.

Appellants were arraigned on January 4, 1967, and were informed of the nature of the charge against them. They entered their pleas of not guilty, waived a jury trial, and the cases were set for a court trial on

July 19, 1967. At the trial on July 19, 1967, the court found the appellants guilty of burglary and they were sentenced to two years each in the state penitentiary. On appeal to this court appellants urge the following three points for reversal:

"There is no proof or semblance of proof in the record that the defendants entered the place at 18 and Railroad, North Little Rock, with the intention to commit a crime.

"The Court should have granted a continuance.

"The Court abused its discretion in refusing to give the defendants a jury trial."

As to the first point, we find no merit in appellants' contention that there is no proof of the requisite intent to commit a crime. Ark. Stat. Ann. § 41-1001 (Repl. 1964) defines burglary as follows:

"Burglary is the unlawful breaking or entering a house, tenement, railroad car, automobile, airplane, or any other building, although not specially named herein, boat, vessel or water craft, by day or night, with the intent to commit any felony or larceny."

And Ark. Stat. Ann. § 41-1002 (Repl. 1964) provides as follows:

"The manner of breaking or entering is not material, further than it may show the intent of the offender."

This court in the case of *Clay* v. *State,* 236 Ark. 398, 366 S. W. 2d 299, said:

"'We have held that the offense of burglary is complete even though the intention to commit a felony is not consumated. *Thomas* v. *State,* 107 Ark. 469, 155 S. W. 1165, and cases cited therein. * * * As

stated in *Duren* v. *State*, 156 Ark. 252, 245 S. W. 823, 'It is not essential that the state prove by direct evidence an intention to commit a felony, for this fact may be, and generally is, established by proof of circumstances which indicate the intention of the burglar. . .''

In the case at bar, we are of the opinion that a larcenous intent can fairly be inferred where the appellants were discovered, one with a tire tool and the other hiding under a raincoat, at 2:15 a.m. inside a locked cafe containing amusement and vending machines, and when they had no permission or lawful right or reason, to be inside the cafe. We are of the opinion that the correct law and proper conclusion was stated in the words of the trial court, as follows:

"I can assume their intent from their actions of being in the place in the middle of the night without permission, and with a tire tool. The logical conclusion would be that they hadn't had time to break into those machines, because I understand the officers' testimony was that somebody gave them a call about them breaking in just about the time they broke in the place, and they hadn't been in there long enough to do anything."

Appellants' second point is based on their contention that a continuance should have been granted because one of the attorneys for appellants was employed only two or three days before the trial and that the prosecuting attorney had not assented to a waiver of trial by jury under Ark. Stat. Ann. § 43-2108 (Repl. 1964), which provides:

"In all criminal cases except where a sentence of death may be imposed, trial by a jury may be waived by the defendant, provided the prosecuting attorney gives his assent to such waiver. Such waiv-

er and the assent thereto shall be made in open court and entered of record. In the event of such waiver, the trial judge shall pass both upon the law and the facts.''

With this contention we cannot agree. The docket shows that the appellants were represented by counsel at their arraignment on January 4, 1967, some six months prior to the trial, and that the appellants waived a jury trial with their counsel present. Although the record does not specifically set out that the prosecuting attorney *affirmatively* gave his assent, it does show that an assistant prosecuting attorney was present and did not object to the waiver, nor did counsel for appellants object to the absence of the prosecuting attorney's affirmative assent at that time. Furthermore, the proviso for the prosecuting attorney's assent is for the benefit of the state, and not the defendant who waives his right to a jury trial. Therefore, any error as a result of the prosecuting attorney's failure to assent to a defendant's waiver of his right to a jury trial would be an error against the state and not against the appellants. The prosecuting attorney's failure to assent to appellants' waiver of a jury trial does not constitute error prejudicial to the appellants and does not constitute error of such nature that appellants can complain. We have so often held that the granting of a continuance is within the sound discretion of the trial court, that citation of cases is not necessary. We cannot say that the trial court abused its discretion in the case at bar.

Under appellants' third point, they contend that the trial court erred in failing to allow appellants to withdraw their waiver of a jury trial. The motion to withdraw the waiver was not made until the date on which the trial was set, and the trial court denied the motion as being too late. We fail to find error in this holding.

While the Arkansas Constitution provides in Article 2, Section 7, for the right of trial by jury, it also

provides for waiver of this right under the same provision in accordance with Ark. Stat. Ann. § 43-2108, supra. After the defendant's right to trial by a jury has been duly waived, as in the case at bar, it is within the discretion of the trial court to permit or deny a withdrawal of such waiver.

The authorities are uniformly to the effect that a motion for withdrawal of waiver made *after* the commencement of the trial is not timely and should not be allowed. Whether the motion is timely when made *prior* to the actual commencement of the trial, is held to depend upon the facts and circumstances of the individual case. (See annotation in 46 ALR 2d 919 and cases there cited.)

In the case at bar, appellants made their waiver at a time when they were represented by counsel and some six months prior to the date set for trial. When this case came on for trial by the court, Mrs. Myrtle L. Wallace, who owned the cafe which had been burglarized, appeared in behalf of the appellants and recommended that the cases be dismissed. She had previously recommended suspended sentences. On this point Mrs. Wallace testified:

"Q. What are your wishes about the matter? Do you wish to prosecute them?

A. Well, they haven't harmed me. I don't want to cause them any trouble. I think they are sorry."

The appellants in this case were charged with the commission of the crime of burglary "*against the peace and dignity of the State of Arkansas*," and not against the peace and dignity of Mrs. Wallace or the owner of the premises burglarized. The criminal laws of this state against burglary were not enacted for the benefit of Mrs. Wallace or any other particular individual or property owner, but such laws were enacted for the protec-

tion and benefit of the entire community. It was not necessary for the trial court to even hear, or consider at all, the recommendations of Mrs. Wallace in this case, but since the trial court apparently did *consider* the recommendations of Mrs. Wallace, the court was justified in taking judicial notice of previous burglary convictions of both of the appellants in considering the recommendations made by Mrs. Wallace.

Appellants did not seek a continuance nor did they attempt to withdraw their waiver of a jury until after the trial court refused to follow the recommendations of Mrs. Wallace on the day previously set for the trial of the case. The record bears out the trial court's lack of prejudice against appellants because of prior convictions. Both appellants were given minimum sentences of two years in the penitentiary when the statute provides for a maximum of twenty-one years. Ark. Stat. Ann. § 41-1003 (Repl. 1964).

The judgments are affirmed.