FRED CASSADY *v.* STATE OF ARKANSAS

5450                                                          447 S. W. 2d 144

Opinion delivered November 24, 1969

*Thomas S. Stone,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of the crime of escape from The Arkansas State Department of Correction on March 2, 1969. The sole ground for reversal is the assertion that the jury verdict finding appellant guilty was contrary to the evidence. The gist of appellant's argument here is that there was not sufficient proof as to his intent to escape.

The only witness presented by the state was Denison Walker, a warden at the Cummins branch of The Arkansas Department of Correction. It is undisputed that appellant occupied a status such as to entitle him to fishing privileges on Sundays. On the Sunday on which the crime was alleged to have been committed, he had permission to go fishing at Beaver Hole on the prison farm. He checked out at the gate near the main building and proceeded to the fishing place. Some four to five hours later the warden received a report that four men were trying to escape. Appellant was apprehended at a point some four miles upriver from the prison farm after bloodhounds had been utilized for pursuit. He was hiding in some bushes along a levee about 1¼ miles from the river. He had no fishing equipment of any kind in his possession when apprehended.

Walker testified that there was a gate past the north end of Beaver Hole and a fence between that gate and the river through which appellant would have had to climb or go.

Appellant testified that the fish were not biting at Beaver Hole, so he went on down the river to fish at a lock and dam where the water was confined. According to him, he had been down on the river and off the state farm several times and always came back. When he heard the dogs, he knew that they were pursuing him. His explanation for the situation in which he was found was that, realizing he was in trouble, he left his fishing equipment and started up the levee to get back to state property before anything was said to him. He denied that he had any intention of escaping, but admitted that he knew that he was violating the rules and was off the prison grounds. His explanation was that he and other convicts had done this before and nothing was said. Yet, he would not say that the prison officials knew of these incidents which he stated were common practice among the prisoners. While he denied that he crawled through or over a fence when he left the state propery, he admitted that he went down to the river's edge and went around it. Cassady testified that he was hoping that the dogs would pass him while he was hiding and that he could then get back to the Beaver Hole without being caught. He knew that action would have to be taken against him if he were were caught. He testified that he stayed at Beaver Hole only about 45 minutes, and that if he had been trying to escape he could have gone much farther than he did.

The punishment for escape is provided in Ark. Stat. Ann. § 41-3508 (Repl. 1964). Since the crime is not defined by our statutes, it is necessary that we resort to common law for a definition of the crime. The crime is committed by a prisoner under lawful arrest and restraint when he goes away from his place of lawful custody before he is released or delivered by due course of law. *Houpt* v. *State,* 100 Ark. 409, 140 S. W.

294, Ann. Cas. 1913C 690. It is committed when a convict serving his term of imprisonment leaves the bounds within which he is required to remain. *Jenks* v. *State,* 63 Ark. 312, 39 S. W. 361. When the common law definition of the crime is followed, an intent to escape, *i. e.,* to avoid the due course of justice, is a necessary element of the crime. *Gallegos* v. *People,* 159 Colo. 379, 411 P. 2d 956 (1966); *Chandler* v. *United States,* 378 F. 2d 906 (9th Cir. 1967). Criminal intent or purpose is a fact which cannot, in the nature of things, be positively known to others. It is an inference of fact that a jury may draw from the facts and circumstances existing and shown. *Shell* v. *State,* 184 Ark. 248, 42 S. W. 2d 19. The existence of the requisite intent is a question of fact for the jury when the evidence shows facts from which it may reasonably be inferred. *Huie* v. *State,* 139 Ark. 241, 213 S. W. 380.

In this case the fact that when discovered appellant was hiding at a place off the Department of Correction grounds when he had no permission to be there, constituted sufficient evidence from which a jury might reasonably have inferred that he intended to regain his liberty before being released in due course of law.

The judgment is affirmed.