## Johnny KING Jr. *v.* STATE of Arkansas

CR 74-32                                    510 S.W. 2d 876

### Opinion delivered June 17, 1974
[Rehearing denied July 22, 1974.]

*Kenneth C. Coffelt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O.H. Hargraves,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of burglary and a three year sentence in the Department of Correction was assessed. For reversal of that judgment appellant contends that the evidence was insufficient to establish intent to commit larceny as charged in the information. We cannot agree.

A burglary is committed whenever anyone unlawfully breaks or enters a building "with the intent to commit . . . . larceny." Ark. Stat. Ann. § 41-1001 (Repl. 1964). The appellant was found by the police lying on the floor in a local junior high school. They had responded to an alarm system installed at the school and arrived within approximately four minutes. A glass window next to the entrance door was broken sufficiently to permit entry into the building. Inside the building was a jack handle which belonged to the appellant. A padlock and chain were broken off the gymnasium door leading into the football area and that door was

physical education equipment in the gymnasium. No property was missing from the building.

It is not necessary that the intent to commit burglary be consummated in order to constitute that offense. *Clay* v. *State,* 236 Ark. 398, 366 S.W. 2d 299 (1963). There we reiterated the well established rule that the offense can be established by proof of circumstances from which the intent to commit larceny can fairly be inferred. To the same effect is *Scates and Blaylock* v. *State,* 244 Ark. 333, 424 S.W. 2d 876 (1968), where we found the evidence sufficient to constitute the crime of burglary when one of the appellants was found hiding in a cafe restroom with a tire tool on the floor near him and the other appellant was secreted in the kitchen. The evidence indicated entrance through a broken window. Nothing was found missing. § 41-1002 provides that the manner of breaking is material to show the intent of the offender.

In the case at bar appellant testified about the circumstances of his presence in the building. According to him he was forced at gun point to break into the building by an unidentified individual. He acknowledged the jack handle was his and that the police arrived within five minutes from the time the breaking occurred.

When we view the evidence in the light most favorable to the appellee, as we must do on appeal, we are of the view that ample substantial evidence exists to sustain the jury's finding. The credibility of appellant's version was for the jury to determine.

Affirmed.