Floyd D. WILLIAMS *v.* STATE of Arkansas

CR 76-93                                        541 S.W. 2d 300

Opinion delivered October 4, 1976

458

*Blevins & Pierce,* by: *James W. Stanley Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant was charged with capital felony murder in violation of Ark. Stat. Ann. § 41-4702 (Supp. 1973)[1] for the death of Kenneth Wells who was slain during the course of a robbery. At trial by jury appellant was found guilty as charged, and after rendering its verdict the jury heard evidence of aggravating circumstances as required by Ark. Stat. Ann. § 41-4710 (Supp. 1973).[2] No mitigating circumstances were offered by appellant. In assessing the aggravating circumstances the jury determined that they did not justify imposition of the death penalty and consequently sentenced appellant to life imprisonment without parole. This appeal ensues.

Appellant first claims error in the refusal of the trial court to dismiss the information against him as being violative of his rights under the Fourteenth Amendment to the United States Constitution. He contends the statutes under which his penal-

---

[1]Now Ark. Stat. Ann. § 41-1501 (effective January 1, 1976).

[2]Now Ark. Stat. Ann. §§ 41-1301 — 41-1302 (effective January 1, 1976).

ty was determined are constitutionally vague, overbroad and vest too much discretion in the jury. This contention involves Ark. Stat. Ann. §§ 41-4710 — 41-4712[3] which require that, upon a determination of guilt, the jury consider specified aggravating and/or mitigating circumstances as a guideline in establishing the sentence to be imposed.

The argument here urged was decided adversely to appellant's contention in *Neal* v. *State,* 259 Ark. 27, 531 S.W. 2d 17 (1976). In *Neal* we held that the statutory language should be so susceptible of " . . . *common understanding and practice* that it cannot be said an ordinary man or juror would have to speculate as to its meaning." We reaffirm our earlier holdings that the questioned language is amenable to such common understanding and practice as to be constitutionally sound. See also *Collins* v. *State,* 259 Ark. 8, 531 S.W. 2d 13 (1975).

Upon a finding of guilt appellant faced a death sentence or life imprisonment without parole. Since the jury imposed life imprisonment without parole appellant is not in a position to question the constitutionality of those provisions of the statute which permit the imposition of the death penalty under certain circumstances.

In *Harris* v. *State,* 259 Ark. 187, 532 S.W. 2d 423 (1976), the appellant received a sentence of life imprisonment without parole. He contended that Act 438 of 1973 (incorporating the statutes here in dispute) was constitutionally improper in that it conferred upon the jury more discretion than is legally permissible in fixing punishment. In *Harris* we stated:

> . . . [T]his appellant received only a sentence to life imprisonment without parole. We find nothing in any of the opinions in *Furman* [408 U.S. 238 (1972)] to indicate that the court's restrictions upon a jury's discretion in the matter of punishment apply to anything except the imposition of the death penalty. * * *

In light of the above authorities we find no merit in appellant's first point.

---

[3]Now Ark. Stat. Ann. §§ 41-1301 — 41-1304 (effective January 1, 1976).

Appellant also urges error in the refusal of the trial court to grant his motion for a directed verdict at the close of the State's case because the circumstantial evidence was not sufficient to warrant a conviction. A directed verdict is proper only when no fact issue exists and upon appeal we review the evidence most favorably to appellee, affirming if there is any substantial evidence. *Burks* v. *State,* 255 Ark. 23, 498 S.W. 2d 336 (1973). The fact that evidence is circumstantial does not render it insubstantial. *Williams* v. *State,* 258 Ark. 207, 523 S.W. 2d 377 (1975). In *Upton* v. *State,* 257 Ark. 424, 516 S.W. 2d 904 (1974), we held that where circumstantial evidence is involved a determination of whether the evidence excludes every other reasonable hypothesis than the guilt of the defendant is basically a question for the jury.

We find the evidence here ample to raise a fact issue. The evidence showed the decedent had been robbed; eyewitness accounts connected appellant with the crime; and appellant's alleged admission to two other men that he murdered the decedent made more than ample proof for the question to go to the jury. Therefore, appellant's motion for a directed verdict was properly refused.

Appellant next questions the cross-examination of Pearlie Mae Givens. During the cross-examination in an attempt to impeach her testimony the State alluded to a tape recording of a conversation the prosecutor had with the witness in his office prior to trial. Appellant immediately objected, and both sides retired to chambers to consider the State's effort to authenticate the recording for purposes of impeaching Witness Givens' testimony. It was agreed that the State would discontinue its efforts to discredit the witness by use of the tape and appellant would withdraw his motion for a mistrial. The court thereafter admonished the jury to disregard the State's previous line of inquiry and the attorney for appellant stated, "This is sufficient, Your Honor."

Appellant's next averment again questions the constitutionality of Ark. Stat. Ann. § 41-4712 (Supp. 1973) on a different theory. He urges that this statute, upon a determination of guilt, compels him to assert mitigating circumstances which in effect destroys his right not to testify. As heretofore set out in this opinion, appellant cannot question the con-

stitutionality of a statutory provision when he has not been penalized by the provision of the statute under attack. Without introducing evidence of mitigating circumstances appellant received life without parole instead of death, so this argument is of no avail.

Appellant's last assignment of error concerns the action of the trial court in sustaining the State's objection to appellant's cross-examination of prosecuting witness George Horton concerning his need for money to support his heroin addiction. This point has no merit because although the court initially sustained an objection to Horton's testimony, thereafter the court allowed full cross-examination of the witness on this point. The court stated: ". . . [Y]ou can go ahead and ask him anything you want to now." Appellant then pursued his cross-examination of the witness to the full extent desired.

In addition to the points discussed, we have considered every objection and assignment of error required by Ark. Stat. Ann. § 43-2725 (Supp. 1975), and, finding no error, the judgment is affirmed.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.