Nathaniel BARKSDALE *v*. STATE of Arkansas

CR 77-53                                          555 S.W. 2d 948

Opinion delivered October 3, 1977
(Division I)

*Hunt & Jamison,* by: *Leon N. Jamison,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Nathanial Barksdale was found guilty of the offense of burglary in violation of Ark. Crim. Code § 41-2002 (1976). He also was found to be a habitual offender, and the sentence imposed was nine years.

On appeal Barksdale's only allegation of error is that the trial court erred in refusing to submit to the jury his proffered instruction that the offense of breaking or entering is a lesser included offense of burglary.

The record reflects appellant entered the Baptist Student Union at the University of Arkansas at Pine Bluff about midnight on July 20, 1976. The building was locked when the director left at 5:30 p.m., July 20, and appellant did not have permission to enter it that night.

Appellant testified he was out walking a dog and saw the door to the building open as he passed by, so he stepped inside since he knew at times they had ping pong games going on there; that when he stepped inside he noticed some glass was broken but heard no noise, so he left. When appellant went in the building it was approximately midnight and no lights were on. The silent burglar alarm[1] apparently went off when the door was opened. The police responded to the alarm, and as he was running from the building appellant

---

[1]The Student Union door had a silent alarm system which alerted the police whenever the door was opened. The pastor of the Baptist Student Union testified the message was then automatically relayed to him by telephone, and that he received the message about 12:15 a.m., July 21.

was shot when he did not stop as the officer ordered him to "halt."

Section 41-2002, *supra,* provides:

(1)  A person commits burglary if he enters or remains unlawfully in an *occupiable* structure of another person with the purpose of committing therein any offense punishable by imprisonment. (Italics supplied.)

(2)  Burglary is a class B felony. [Acts 1975, No. 280, § 2002, p. ___].

. Ark. Crim. Code § 41-2001 (1)(b) (1976) clearly defines an "occupiable structure" as a "vehicle, building, or other structure: . . . where people assemble for purposes of business, government, education, religion, entertainment, or public transportation; . . . . "

Ark. Crim. Code § 41-2003 (1976) provides:

(1)  A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box or other similar container, apparatus, or equipment.

(2)  Breaking or entering is a class D felony. [Acts 1975, No. 280, § 2003, p. ___].

The main thrust of appellant's argument seems to be that the "testimony establishes that the structure allegedly entered was a mere building, thus presenting the issue whether appellant was guilty of the offense of breaking or entering as defined by Ark. Stat. Ann. § 41-2003."

Appellant relies on the comment to this section in the Criminal Code which states *inter alia:*

. . . [I]nsofar as it proscribes breaking and entering a building, structure, or vehicle with the intent to commit

a theft or felony, the section states a lesser included offense of burglary and restores some of the broad coverage of the present burglary statute. See, Ark. Stat. Ann. § 41-1001 . . . . *However, it is punished much less severely than burglary in recognition of the fact that this offense is designed primarily to protect property rather than people.* All burglaries as defined by Section 2002 will by definition constitute breaking or entering. Consequently, the availability of the lesser offense may prove to be a useful plea bargaining tool in some cases. (Italics supplied.)

Appellant also cites *Caton & Headley* v. *State,* 252 Ark. 420, 479 S.W. 2d 537 (1972), but in *Caton* we stated:

We have been so careful to see that a jury has an opportunity to pass upon lesser offenses as well as the greater one charged that we have held that it is not prejudicial error to give an instruction which permits the jury to find a defendant guilty of a lower offense than that charged, even when the defendant objects, because the evidence shows him to be guilty of the higher offense or of nothing at all. *Kurck* v. *State,* 235 Ark. 688, 362 S.W. 2d 713, cert. denied, 373 U.S. 910, 83 S. Ct. 1299, 10 L. Ed. 2d 412. Still, *it is not error for the court to fail to instruct on the lower offense, where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. Gilchrist* v. *State,* 241 Ark. 561, 409 S.W. 2d 329; *Sims* v. *State,* 203 Ark. 976, 159 S.W. 2d 753; *Clark* v. *State,* 169 Ark. 717, 276 S.W. 849; *Rogers* v. *State,* 136 Ark. 161, 206 S.W. 152. * * * (Italics supplied.)

Under the statutory definition of "occupiable structure," whether anyone is physically occupying the structure is irrelevant. The determinative factor is the nature of the premise, that is, not whether it was *occupied* at the time of the crime, but rather whether it was *occupiable.* The fact the building was used for social activities, religious sessions, and classroom meetings clearly demonstrated that the building was an "occupiable structure." Thus there was no issue on this point to go to the jury.

The issue of entry into the building was never seriously in doubt either. Appellant freely admitted he entered the

building and then left through the same door at the rear of the Student Union.

The only issue for jury determination was appellant's intent on entering the building. In *Cassady* v. *State,* 247 Ark. 690, 447 S.W. 2d 144 (1969), citing *Shell* v. *State,* 184 Ark. 248, 42 S.W. 2d 19 (1931), we held:

> \* \* \* Criminal intent or purpose is a fact which cannot, in the nature of things, be positively known to others. It is an inference of fact that a jury may draw from the facts and circumstances existing and shown. \* \* \*

There was testimony to the effect that appellant entered the locked building at approximately midnight; the burglar alarm went off; the door was found broken open; numerous items of value, i.e., radios, movie projectors and a tape recorder, were present in the structure; and appellant refused to heed the order of the officer to stop running. It is apparent by the verdict of the jurors that they disregarded appellant's assertions he was investigating a ping pong game and found he intended to commit a punishable offense when he entered the building.

Thus from the evidence it is apparent appellant was guilty of the burglary offense as charged or was innocent, and thus the trial court did not err[2] by refusing to submit appellant's proffered instruction.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.

---

[2]Neither would it have been error for the court to give the requested instruction. See *Caton, supra.*