Robert GRAYS *v.* STATE of Arkansas

CR 78-119                                                 572 S.W. 2d 847

Opinion delivered November 13, 1978
(In Banc)

*John W. Achor,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. After finding appellant Robert

Grays guilty of burglary, the jury again retired and, after finding that he was a habitual criminal, set his punishment at 20 years in the Department of Correction. The only point raised on this appeal is appellant's contention that the lower court erred in failing to instruct on the lesser degrees of Breaking and Entering, Ark. Stat. Ann. § 41-2003 (Repl. 1977) and Criminal Trespass, Ark. Stat. Ann. § 41-2004 (Repl. 1977).

The record shows that appellant was an employee of Moss Seed Company. On Sunday, July 31, 1977, when the seed company was not open for regular business but while a construction crew of a private contractor was working on the premises, appellant went into the building to get a coke. While drinking the coke appellant had a conversation with one Taylor, a supervisor or foreman with the construction crew. When Robert Crick, the assistant manager of the seed company went by to check on the construction being done, he, after talking with Taylor, made a thorough check of the seed company's premises. He found that a pin on the inside of a door had been removed so that entrance could be obtained from the outside. After a conference with the Little Rock Police, burglary investigator Horace L. Walters and Detective David Rowan set up a surveillance inside the seed company. Sometime around 11:30 p.m. appellant opened the door and entered the premises. The officers shined a light on appellant informing him at the same time that they were police officers and that he should freeze. Instead of obeying the officers, appellant ran, eluding not only the officers but the shots fired from a shot gun and Detective Rowan's pistol. Since the officers recognized appellant they later went to his home within less than a half a mile of the seed company and arrested him. Appellant's signed confession corroborates all of the testimony of the State except the shooting.

Chapter 20 of the Arkansas Criminal Code, Ark. Stat. Ann. § 41-2001, et seq. (Repl. 1977) provides:

"§ 41-2002. BURGLARY. — (1) A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

(2) Burglary is a Class B felony.

§ 41-2003. BREAKING or ENTERING. — (1) A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box or other similar container, apparatus, or equipment.

(2) Breaking or entering is a Class D felony.

§ 41-2004. CRIMINAL TRESPASS. — (1) A person commits criminal trespass if he purposely enters or remains unlawfully in or upon a vehicle or the premises of another.

(2) Criminal trespass is a class B misdemeanor if the vehicle or premises involved is an occupiable structure. Otherwise, it is a class C misdemeanor.

§ 41-2001 provides:

As used in this Chapter unless the context plainly requires otherwise:

(1) 'Occupiable structure' means a vehicle, building or other structure:

(a) where any person lives or carries on a business or other calling, or . . .

(2) 'Premises' means occupiable structures and any real property."

The commentary to § 41-2002, *supra*, and § 41-2003, *supra*, points out that the distinction between the two sections has to do with the fact that the Commission felt that the invasion of occupiable structure — *i.e.*, the invasion of premises under circumstances likely to terrorize or pose a threat to the safety of persons — required a stiffer penalty than the mere

breaking or entering set out in § 41-2003, *supra,* that was designed to protect property rather than people. The commentary to § 41-2003 specifically states:

> ". . . all burglaries as defined by § 41-2002 will by definition constitute breaking or entering. Consequently, the availability of the lesser offense may prove to be a useful plea bargaining tool in some cases. . . ."

The commentary to § 41-2004, CRIMINAL TRESPASS states:

> "An offense is committed under this section when the actor without license or privilege enters the premises or vehicle of another. Entry completes the crime; no purpose to engage in further unlawful conduct is necessary. This section applies to a wide range of circumstances. An example of conduct constituting an offense is a transient entering premises or a vehicle in order to have a comfortable place to drink, sleep, or otherwise engage in activities not in themselves criminal. . . ."

Thus we see that the offenses of Breaking or Entering and of Criminal Trespass are both lesser included offenses in the crime of Burglary. However, the Arkansas Criminal Code, Ark. Stat. Ann. § 41-105(3) (Repl. 1977), with respect to lesser included offenses, provides:

> "The Court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

In *Barksdale v. State,* 262 Ark. 271, 555 S.W. 2d 948 (1977), we had before us the question of whether a person prosecuted for burglary under § 41-2002, *supra,* was entitled to an instruction on the lesser included offense of Breaking or Entering, § 41-2003, *supra.* We there looked to the nature of the premises and after determining that the building involved was an "occupiable structure," we held that the trial court did not err in refusing to instruct on the lesser included

offense of Breaking or Entering. In so doing we pointed out that there was no issue to go to the jury on the nature of the building. Likewise here the Moss Seed Company qualified as an "occupiable structure" within the meaning of the Burglary offense § 41-2002, *supra*, and there would be no rational basis for the jury to find otherwise.

Probably the closest issue in this case is whether appellant was entitled to have the jury instructed on the lesser included offense of Criminal Trespass, § 41-2002, *supra*, *i.e.*, was there a rational basis for a verdict acquitting him of the Burglary offense and convicting him of Criminal Trespass. The facts here show that appellant entered the premises on Sunday, July 31, 1977, around 1:30 p.m. when he got a cold drink and lifted the pin from the door. He again entered the premises stealthily in the night around 11:30 p.m. when if he had waited eight hours he could have lawfully entered for the purpose of going to work. Neither can it be said that he was entering for the purpose of finding a comfortable place to drink or sleep for he lived within five minutes' walking distance of the Moss Seed Company. Even when we consider the facts in the light most favorable to appellant, we can find no rational basis for a verdict acquitting appellant of the offense of Burglary and convicting him of the Criminal Trespass offense. As stated in *Ex parte Seyfried*, 74 Idaho 467, 264 P. 2d 685 (1953), and 13 Am. Jur. 2d Burglary § 52, the fundamental theory, in absence of evidence of other intent or explanation for breaking or entering an occupiable structure at night, is that the usual object or purpose of burglarizing an occupiable structure at night is theft. Consequently, we must conclude that the trial court did not err in refusing appellant's requested instruction on the lesser included offense of Criminal Trespass.

However, we again reiterate our caution in *Barksdale* v. *State, supra,* that the trial court would not have erred had it given the instructions requested. As pointed out in 23A C.J.S. Criminal Law § 1288(c), it is always a delicate matter for a court to determine the state of evidence as a matter of law and to withhold from the jury the right to find the defendant guilty of a lesser included offense.

Affirmed.

FOGLEMAN, HICKMAN and HOWARD, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent because I think that appellant was entitled to an instruction on a lesser offense, i.e., criminal trespass, as defined by Ark. Stat. Ann. § 41-2004 (Repl. 1977). It is clear that there is no direct evidence to indicate what appellant intended to do after his unlawful entry into the "occupiable structure." After his arrest, appellant made a statement to the police. There is nothing in that statement indicative of his purpose or intent. Grays said that he slid out the door when he saw the office door open and knew someone was in the building. There is no indication in the statement that he knew these persons were police officers.

One essential element of the offense or burglary is "the purpose of committing therein any offense punishable by imprisonment." Ark. Stat. Ann. § 41-2002 (Repl. 1977). I concede that the jury could probably infer from the circumstances surrounding the entry that Grays did intend to commit some offense punishable by imprisonment. See *Selph v. State*, 264 Ark. 197, 570 S.W. 2d 256; *King v. State*, 256 Ark. 778, 510 S.W. 2d 876. Still, the evidence of intent or "purpose" was circumstantial only. Perhaps Grays had already committed a separate and independent crime elsewhere and had planned to hide at his place of employment to escape detection, or he might have left a disguise or implement there that he intended to use in a crime he planned on other premises, so he would have easy access to it. Perhaps, for some reason, he was resorting to use of the structure as a place to sleep to avoid or postpone unpleasantness at home. Perhaps, he was attempting to find and retrieve property of his own that he suspected had been concealed on the premises by someone else, or he might have secreted intoxicating liquors on the premises to which he wanted access at a late hour. Maybe he wanted to be able to use a telephone away from home. Innumerable examples could be given of purposes that could not bring about punishment by imprisonment. He might even have expected to commit an act which constituted only a violation as defined by Ark. Stat. Ann. § 41-114 (Repl. 1977).

The burden was upon the state to show that Grays made the entry with the specific intention of committing an offense punishable by imprisonment. See *Hicks* v. *State,* 231 Ark. 52, 328 S.W. 2d 265. The question of the intention of a burglar is usually established by circumstantial evidence from which a jury can draw reasonable inferences. *Duren* v. *State,* 156 Ark. 252, 245 S.W. 823; *Clay* v. *State,* 236 Ark. 398, 366 S.W. 2d 299; *Scates & Blaylock* v. *State,* 244 Ark. 333, 424 S.W. 2d 876. See also, *King* v. *State,* 256 Ark. 778, 510 S.W. 2d 876. Whatever appellant's purpose may have been, inferences to be deduced from his conduct were exclusively for the jury, and not for the trial judge. *Burgess* v. *State,* 206 Ark. 157, 174 S.W. 2d 239; *Shoop* v. *State,* 209 Ark. 498, 190 S.W. 2d 988. The reasonableness of inferences to be drawn is one of the questions solely within the province of the jury. *Reynolds* v. *State,* 211 Ark. 383, 200 S.W. 2d 806. In *Cassady* v. *State,* 247 Ark. 690, 447 S.W. 2d 144, in speaking of proof of intent as a necessary element of a crime, we had this to say:

> *** Criminal intent or purpose is a fact which cannot, in the nature of things, be positively known to others. It is an inference of fact that a jury may draw from the facts and circumstances existing and shown. *Shell* v. *State,* 184 Ark. 248, 42 S.W. 2d 19. The existence of the requisite intent is a question of fact for the jury when the evidence shows facts from which it may reasonably be inferred. *Huie* v. *State,* 139 Ark. 241, 213 S.W. 380.

Determining whether the circumstantial evidence was sufficient basis for an inference that Grays' purpose was to commit an offense punishable by imprisonment was a question for the jury, not the trial judge. *Thompson* v. *State,* 177 Ark. 1, 5 S.W. 2d 355; *Camp* v. *State,* 144 Ark. 641, 215 S.W. 170. It was for the jury to say whether the circumstantial evidence excluded every reasonable hypothesis other than the guilt of the defendant. *Upton* v. *State,* 257 Ark. 424, 516 S.W. 2d 904; *Williams* v. *State,* 260 Ark. 457, 541 S.W. 2d 300. When the intruder is frightened away as soon as his presence is discovered, his intention cannot be said to be incontrovertibly established. *Hicks* v. *State,* supra. Yet the trial judge refused to give the instructions on any lesser included offense on the basis that the conduct did put the matter beyond controversy. The trial judge said:

I don't know how you can get anything but burglary out of it. If you can, you have a better imagination than I have. I have to take the State's testimony as being true, and here's a man that's got no business in a place coming in at midnight. I don't think you have to prove anything further than that. What does the statute say?

A further statement by the trial judge clearly shows that he did draw an inference from the testimony as to appellant's purpose, viz:

Well, what business does a man, who works there in the day time, being in a man's place at 1:00 or 2:00 o'clock in the morning, running away from the police and getting shot at? *If they want to believe it out there, it suits me,* but you are overruled. Save your exceptions. [Emphasis mine.]

It must be remembered that the state must prove every material element of the offense charged beyond a reasonable doubt. *Dillard* v. *State,* 260 Ark. 743, 543 S.W. 2d 925; *Moore* v. *United States,* 429 U.S. 20, 97 S. Ct. 29, 50 L. Ed. 2d 25 (1976). This is required by the due process clause of the Fourteenth Amendment to the United States Constitution. *Patterson* v. *New York,* 432 U.S. 197, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977). The question of reasonable doubt is a question for the jury alone, particularly when the evidence is circumstantial. *Graves* v. *State,* 236 Ark. 936, 370 S.W. 2d 806; *Ayers* v. *State,* 247 Ark. 174, 444 S.W. 2d 695. Obviously, this factor was overlooked by the trial judge and is being overlooked by the majority. The jury certainly could have found that the state had failed to meet its burden of showing beyond a reasonable doubt that Grays entered the occupiable structure with the purpose of doing anything that constituted an offense punishable by imprisonment. As pointed out in *Ayers,* where circumstantial evidence is relied upon, it is not sufficient that it raises a mere suspicion of guilt; it must *establish facts* inconsistent with innocence. The fact that Grays elected not to testify or to adduce evidence on the question of his purpose after entry is of no consequence, "in view of the elementary proposition that the prosecution bore the burden of proving beyond a reasonable doubt every element of the charged offense." *Moore* v. *United States,* supra.

The jury was left without any option except to find Grays guilty of burglary, or nothing at all. This should not have been the case. The jury should have had the option of considering a lesser offense, of which Grays, by his own statement, was obviously guilty. An instruction on a lesser offense is warranted when they are of the same generic class, all of the elements of the lesser offense are included in the greater one, so that the commission of the greater offense must involve the commission of the lesser and the charge contains all substantive allegations necessary to let in proof of the lesser. *Fike* v. *State*, 255 Ark. 956, 504 S.W. 2d 363. This case warranted the giving of an instruction on a lesser offense. It did not warrant the giving of an instruction on the offense of breaking or entering. The evidence would not permit any finding that the place was not an occupiable structure, even if all the other elements of that lesser offense can be said to have been shown. See *Barksdale* v. *State*, 262 Ark. 271, 555 S.W. 2d 948. But in that case, there was no contention that an instruction on criminal trespass should have been given. Here, such an instruction was requested and should have been given.

There are two types of criminal trespass. Ark. Stat. Ann. § 41-2004. One is a class C misdemeanor and, upon the rationale of *Barksdale,* is not necessarily a lesser offense included in the charge of burglary when the proof is like that here. But when a person purposely enters an occupiable structure of another he commits criminal trespass, a class B misdemeanor. Ark. Stat. Ann. § 41-2004 (2). Every test for the giving of such an instruction is met here. Grays actually confessed that he committed criminal trespass and to say that he was not entitled to this instruction completely ignores precedent and the commentary to Ark. Stat. Ann. § 41-2004, quoted in the majority opinion.

This case is a direct parallel to *Fike,* where we held that one charged with assault with intent to rape was entitled to an instruction on the crime of assault. The question of the intent of the accused was involved and, as here, the accused did not testify. There we said:

In the case at bar, it is not questioned that the prosecutrix's testimony is sufficient to sustain the ver-

dict of assault with intent to rape. However, the jury has the sole prerogative to accept all or any part of a witness' testimony whether controverted or not. Therefore, the jury had the absolute right, as trier of the facts, to evaluate the evidence and consider whether only an unlawful assault was committed upon her by appellant or even acquit him. The trial court should have given the instruction relating to the lesser included offense. ***

Not long ago, we spoke to this question in *Caton & Headley v. State,* 252 Ark. 420, 479 S.W. 2d 537, saying:

> This court has zealously protected the right of an accused to have the jury instructed on lesser offenses included in a greater offense charged. We have consistently held that a trial court commits reversible error when it refuses to give a correct instruction defining a lesser included offense and its punishment when there is testimony on which the defendant might be found guilty of the lesser rather than the greater offense. *** We have been so careful to see that a jury has an opportunity to pass upon lesser offenses as well as the greater one charged that we have held that it is not prejudicial error to give an instruction which permits the jury to find a defendant guilty of a lower offense than that charged, even when the defendant objects, because the evidence shows him to be guilty of the higher offense or of nothing at all. *** Still, it is not error for the court to fail to instruct on the lower offense, where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. *** And we have held that where the higher offense charged included a lower offense and there was evidence sufficient to present a question of fact as to the defendant's guilt of either, the trial judge's instruction over defendant's objection, that the defendant could not under the testimony be convicted of a lower offense than that charged in the indictment, was reversible error.

In this case, it is quite clear that there is no jusitification for saying that the evidence shows that Grays was either guilty of burglary or innocent, because his own statement shows that

he was guilty of criminal trespass. The evidence clearly shows that he was guilty of burglary or of criminal trespass.

The new Arkansas Criminal Code has not changed the basic approach. The definition of included offense is found in Ark. Stat. Ann. § 41-105 (2) (Repl. 1977). So far as pertinent here, it reads:

A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

*\*\**

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Criminal trespass (the class B misdemeanor) was included in the charge of burglary under the statutory definition. The statute, as quoted in the majority opinion, also governs the giving of instructions with respect to a lesser included offense. As I have previously pointed out, there was certainly a rational basis for finding Grays guilty of criminal trespass. And there was a rational basis for acquitting him of burglary, because the jury might well have found that the state failed to prove his purpose beyond a reasonable doubt.

Ark. Stat. Ann. § 41-105 (3) did not license the trial court to draw inferences from the testimony or to conclude that an essential element of a crime had been proved beyond a reasonable doubt by circumstantial evidence. It did not change existing law. The commentary on this subsection reads:

The final subsection authorizes a court to refuse to instruct on an included offense when the evidence man-

dates either conviction of the greater offense or acquittal. The Supreme Court has previously reached the same conclusion. See, *Caton and Headley* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972).

As a matter of fact, the subsection was virtually lifted from the opinion in the case cited in this commentary.

It is difficult to see how the majority can possibly reach its result without ignoring well established rules. Denying the instruction was a denial of due process under the authority of such cases as *Moore* and *Patterson*.

I would reverse the judgment for failure of the trial court to charge the jury with respect to criminal trespass.

I am authorized to state that Mr. Justice Hickman and Mr. Justice Howard join in this opinion.