Tracy Duane STULTZ *v.* STATE of Arkansas

CA CR 86-159                                      724 S.W.2d 189

Court of Appeals of Arkansas
Division I
Opinion delivered February 18, 1987

*William R. Simpson, Jr.*, Public Defender, *Arthur L. Allen*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Appellant, Tracy Duane Stultz, was convicted by a jury of burglary and sentenced to 20 years. He argues two points on appeal. We affirm.

At trial, Stultz admitted that he had broken into the office of Dr. Phipps in North Little Rock for the purpose of stealing drugs to ease his pain. He was addicted to Demerol, and because he had repeatedly injected his left arm, he developed gangrene in the fingers of his left hand. His testimony that he was in severe pain at the time of the offense is borne out by the fact that shortly after his arrest it became necessary to amputate his fingers.

The first argument is that the court erred in refusing to give an instruction on the lesser included offense of breaking or entering. One element of the offense of burglary is that the building broken into be an "occupiable structure." An occupiable structure is defined by Ark. Stat. Ann. § 41-2001(1)(a) (Repl. 1977) as a building where any person lives, or carries on a business or other calling. A person may be convicted of the lesser offense of breaking or entering, whether the building is "occupiable" or not. In essence appellant argues that the jury *could* have found that the doctor's office was not an occupiable structure.

Where there is no evidence tending to disprove one of the elements of the larger offense, the trial court is not required to give an instruction on a lesser included offense. *Bongfeldt* v. *State*, 6 Ark. App. 102, 639 S.W.2d 70 (1982). If, after viewing the facts in the light most favorable to appellant, no rational basis for a verdict acquitting him of the greater offense and convicting him of the lesser one can be found, it is not error for the trial court to refuse to give an instruction on the lesser included offense. *Grays* v. *State*, 264 Ark. 564, 572 S.W.2d 847 (1978).

*Barksdale* v. *State*, 262 Ark. 271, 555 S.W.2d 948 (1977) is

in point. There the defendant had broken into a student union building on a college campus and was convicted of burglary. His only argument on appeal was that the trial court erred in refusing to give an instruction on breaking or entering. The supreme court held that the fact the building was used for social activities, religious sessions, and classroom meetings clearly demonstrated that the building was an occupiable structure, and that therefore there was no issue on this point to go to the jury.

In the case at bar, the doctor's office manager, Theresa McCullough, testified that the burglary had occurred at Dr. Phipps' main clinic, where he carried on his business. The appellant testified that he knew that was where Dr. Phipps conducted his business. There is not the least suggestion in the record that the building was not "occupiable" within the meaning of the law. The trial court did not err in refusing to give an instruction on breaking or entering.

■ Appellant's second argument is that the court erred in refusing to give the jury an instruction on the defense of justification. Ark. Stat. Ann. § 41-504(1) (Repl. 1977) provides:

> Conduct which would otherwise constitute an offense is justifiable when:
>
> (a) The conduct is necessary as an emergency measure to avoid an imminent public or private injury; and
>
> (b) The desirability and urgency of avoiding the injury outweigh, according to ordinary standards of reasonableness, the injury sought to be prevented by the law proscribing the conduct.

Appellant's argument is that, because of the extreme pain in his hand, he was justified in breaking into the doctor's office to steal drugs. His testimony was that on the day of the break-in, he had seen three or four doctors, and all but one had refused to treat him. At trial, he said:

> Every one of them refused, but one. There was one doctor, she was a lady doctor and I don't know her name, but she was going to treat it, give me a prescription for some pain medicine.

He testified that he did not go to a hospital emergency room

because he didn't know anything about North Little Rock, where he was staying at the time.

The supreme court in *Koonce* v. *State*, 269 Ark. 96, 598 S.W.2d 741 (1980), held that § 41-504 is to be narrowly construed and applied. The court in *Koonce* examined not only the examples provided in the commentary to our statute, but also additional examples provided by the commentary to a tentative draft of the Model Penal Code, which was the basis for our criminal code. The examples given in the commentary to our statute are: the destruction of buildings or other structures to keep fire from spreading; breaking levees to prevent the flooding of a city, causing in the process, flooding of an individual's property; and temporary appropriation of another person's vehicle to remove a seriously injured person to a hospital. One of the examples given in the commentary to the Model Penal Code is that of a druggist dispensing a drug without the requisite prescription to alleviate distress in an emergency.

The facts in the case at bar, taken in the light most favorable to the appellant, do not compare favorably with the illustrative examples. Appellant's conduct does not meet either requirement of § 41-504. He was not entitled to the requested instruction on justification.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.