Jeighmichael DAVIS *v.* STATE of Arkansas

CA CR 06-433 242 S.W.3d 630

Court of Appeals of Arkansas
Opinion delivered November 8, 2006

*Joseph P. Mazzanti, III,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Farhan Khan,* Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant Jeighmichael Davis was found guilty by a jury in Bradley County of second-degree battery for which he was sentenced to a term of six years in prison and fined $2,500.[1] Appellant contends on appeal that the evidence is not sufficient to support the jury's finding of guilt and that the trial court erred by refusing an instruction on third-degree battery as a lesser-included offense. We affirm.

Undra Gaines gave testimony about a disturbance that occurred while he was in jail on March 28, 2005. Mr. Gaines testified that the inmates were cleaning their cells when appellant splashed "Mr. Leon with some kind of chemical." Gaines said that appellant then hit Mr. Leon, that appellant took Mr. Leon's keys, and that appellant tried but was not successful in unlocking the back door. Gaines stated that appellant "was steady hitting Mr. Leon after that," and that appellant then tried to unlock another man's cell, and when he could not get the cell open, appellant "ended up hitting him (Leon) again." Gaines testified that appellant threw the keys and ran back into his cell when officers arrived to help, and he said that Mr. Leon had not done anything to cause appellant to hit him.

Van Clark, who works for the Warren Police Department, testified that he and Detective Hollingsworth were in the parking lot when they heard about a disturbance involving an inmate and one of the detention officers. He said that he and Hollingsworth entered the detention area and were met by Detention Officer Leon Schultz. He said that Schultz had severe lacerations to his face and that he was bleeding. Schultz advised that he had been jumped by appellant, whom they found sitting in his unlocked cell.

Leon Schultz testified that he was working at the Warren city jail that day. He had gathered mops, water, and cleaning supplies for the inmates to use to clean their cells. Schultz said that appellant was in cell number four, that appellant had finished cleaning, and that, when he was about to lock appellant inside his

---

[1] Appellant was also charged with attempted second-degree escape, but the jury returned a verdict of not guilty on that charge.

cell, appellant hit him on the nose, causing his glasses to jam into his eyebrows and cut his face. Schultz said that he tripped over the mop bucket and fell while trying to defend himself, and that appellant jumped on top of him and began beating him in the head. He said that appellant took his keys and tried to get Erick Davis out of his cell but that appellant was not able to get the key to work. Schultz stated that appellant then tried to get out of the back door, and that, when he (Schultz) tried to stop him, appellant knocked him down and beat him again.

Schultz testified that he went to the emergency room afterwards where they cleaned his wounds and that he went to his personal doctor, Dr. Franklin David Chambers, the next day. He was not able to return to work for six weeks. He explained that he scraped his shin when he fell over the mop bucket and that his leg became infected and swelled badly. He said that he had trouble with infections because he was a diabetic and that he "had a real hard time" with the infection on his leg.

Dr. Chambers testified that Schultz had multiple bruises and swelling to the head, and lacerations to his forehead and upper lip. Schultz also had injured his right shoulder. He said that the infection to Schultz's leg required a large amount of treatment and that it was an ongoing effort to control the infection.

Don Hollingsworth, who works for the Warren Police Department, testified that Schultz was a jailer on March 28, 2005. He said that when he saw Schultz in the jail that day that he had blood all over his face. He took photographs of Schultz's injuries that were introduced into evidence.

In his testimony, appellant stated that he had been angry with Schultz because Schultz "had an arrogance about himself" when Schultz told him that he could not use the telephone. He said that he had made up his mind about what he was going to do, and that he hit Schultz because it was what he felt like doing at the time. He said that he pushed Schultz down and dragged him around the corner and continued to hit him again and again. He said, however, that he did not try to escape. Appellant said that he was testifying to show remorse for what he had done, saying that he was coming down off drugs and that he felt badly about what he had done.

When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to

the State. *Cobb v. State*, 340 Ark. 240, 12 S.W.3d 195 (2000). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Id.*

A person commits battery in the second degree if he intentionally or knowingly, without legal justification, causes physical injury to a person he knows to be a law enforcement officer, firefighter, or employee of a correctional facility while the law enforcement officer, firefighter, or employee of a correctional facility is acting in the line of duty. Ark. Code Ann. § 5-13-202(a)(4)(A)(i) (Repl. 2006). Second-degree battery is a class D felony. Ark. Code Ann. § 5-12-202(b).

In contesting the sufficiency of the evidence, appellant argues that the State failed in its burden to show that the victim was a law enforcement officer or an employee of a correctional facility. This issue has not been preserved for appeal.

Rule 33.1(a) of the Arkansas Rules of Criminal Procedure provides, "In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all evidence. A motion for directed verdict shall state the specific grounds therefor." Subsection (c) of this rule provides, in pertinent part, "A motion for directed verdict . . . must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002).

In his motion for directed verdict, appellant's attorney stated, "I make a motion for directed verdict on the grounds that the State has failed to make a prima facie showing that my client committed the offense of battery against the victim." This motion for directed verdict, which was made after the State rested, was renewed at the close of the evidence. Because appellant's directed-verdict motion was general and did not inform the trial court of any specific deficiencies in the State's proof, the argument appellant now makes on appeal was waived.

Appellant's next point is that the trial court erred by refusing to instruct the jury on third-degree battery, as a lesser-included

offense of second-degree battery.[2] The jury instruction on second-degree battery tendered by the State and read to the jury by the trial court advised that "the State must prove beyond a reasonable doubt that Jeighmichael Davis intentionally or knowingly and without legal justification caused physical injury to a person he knew to be an employee of a correctional facility acting in the performance of his lawful duties." Appellant asked the trial court to instruct the jury on third-degree battery, arguing that "there are certainly facts to show that the victim was an employee of a correctional institution but the jury may — in fact, I'm not sure if there was evidence to prove that he was employed by a correctional institution." Appellant proffered an instruction of third-degree battery which read that "the State must prove beyond a reasonable doubt that Jeighmichael Davis, with the purpose of causing physical injury to Leon Schultz, caused physical injury to Leon Schultz." The trial judge refused this instruction, saying "I don't think there is a logical reason to give it."

Appellant argues on appeal that the trial court's ruling was in error because the jury could have found that the victim was not an employee of a correctional facility.[3] We disagree. A trial court's ruling on whether to submit jury instructions will not be reversed absent an abuse of discretion. *Cook v. State*, 77 Ark. App. 20, 73 S.W.3d 1 (2002). It is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence. *Cobb v. State, supra.* However, we will affirm a trial court's decision to exclude an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Ellis v. State*, 345 Ark. 415, 47 S.W.3d 259 (2001). Where there is no evidence tending to disprove one of the elements of the larger offense, the trial court is not required to give an instruction on a lesser-included offense. *Stultz v. State*, 20 Ark. App. 90, 724 S.W.2d 189 (1987). If, after viewing the facts in the light most favorable to appellant, no rational basis for a verdict

---

[2] The State argues that third-degree battery is not a lesser-included offense of second-degree battery in this instance. We express no opinion in the matter. The trial court ruled that there was no rational basis for a third-degree battery instruction. We prefer to review this point as it was presented at trial rather than address an issue that was not argued or ruled upon below.

[3] Appellant also argues that the jury could have found that Schultz was not a "law enforcement officer." However, the second-degree battery instruction read by the court did not include the term "law enforcement officer."

acquitting him of the greater offense and convicting him of the lesser one can be found, it is not error for the trial court to refuse to give an instruction on the lesser-included offense. *Id.*; *see also Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002).

 In this case, there was no evidence tending to disprove that Schultz was an employee of a correctional facility. To the contrary, there was testimony that referred to Schultz as a "detention officer" and "jailer," and Schultz testified that he worked at the jail in Warren. As there was no evidence that Schultz was not an employee of a correctional facility, the trial court did not abuse its discretion by refusing appellant's proffered instruction. *See Stultz, supra* (holding that, in a burglary case, there was no error in refusing an instruction on breaking or entering where there was no evidence that the building was not an occupiable structure).

Affirmed.

ROBBINS and NEAL, JJ., agree.