2009 Ark. App. 627

**Travis TAYLOR, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1501.**

Court of Appeals of Arkansas.

Sept. 30, 2009.

Bart Ziegenhorn, West Memphis, for appellant.

Dustin McDaniel, Att'y Gen., by: Rachel M. Hurst, Ass't Att'y Gen., for appellee.

M. MICHAEL KINARD, Judge.

Travis Taylor appeals from his conviction for murder in the first degree, for which he received a sentence of forty years in the Arkansas Department of Correction. His sole point on appeal is that the trial court erred in denying his proffered jury instruction on the lesser-included offense of manslaughter. We affirm.

A Crittenden County jury found appellant guilty of first-degree murder for the shooting death of David Harold Clark, Jr. The evidence presented at trial showed that appellant pulled up in front of Clark's house driving a white Chevrolet Caprice on the afternoon of November 13, 2007. Clark was standing in the yard with two other individuals. Appellant called Clark over to his car, and the two spoke briefly. According to witnesses, they did not appear to be engaged in a heated argument.

Appellant pulled out a gun, and Clark began backing away from the vehicle. Clark said, "Man, I told you, sh** like that don't scare me." Appellant responded,

"Oh, .what? You shooting, you shoot?" Clark continued to back away, saying, "Man, go on." Appellant's passenger testified that when appellant first pointed the gun, he (the passenger) pushed it down and told him to put it away. Appellant raised the gun again, told the others in the yard to move out of the way, and fired on Clark, hitting him three times.

A videotape of appellant's statement to police was entered into evidence without objection. On the tape, appellant stated that a couple of weeks prior to the fatal shooting Clark shot at his car when he was at a stop sign on Clark's street. According to appellant, the day of the fatal shooting, Clark said, "Don't come riding by my house unless you have your pistol with you." When appellant responded that they could "fight like men," Clark said, "I don't fight. You better have a pistol." Appellant then cocked the gun, expecting him to run. When Clark did not run, appellant said he believed that Clark had a gun. However, appellant conceded that he "was never shown a gun."

A person commits manslaughter if the person causes the death of another person under circumstances that would be murder, except that he or she causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. Ark.Code Ann. § 5–10–104(a)(1)(A) (Supp.2009). The reasonableness of the excuse is determined from the viewpoint of a person in the defendant's situation under the circumstances as he or she believes them to be. Ark.Code Ann. § 5–10–104(a)(1)(B). Appellant sought to introduce the AMCI jury instruction on extreme-emotional-disturbance manslaughter, but the trial court denied his request, finding "that based on the evidence before the court there is no rational basis for giv[ing] [the jury] the emotional disturbance manslaughter instruction."

It is reversible error to refuse to instruct on a lesser-included offense when there is the slightest evidence to support the instruction. *Morris v. State*, 351 Ark. 426, 430, 94 S.W.3d 913, 915 (2003). We have further made it clear that we will affirm a trial court's decision not to give an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Id.* An appellate court will not reverse a trial court's decision regarding the submission of such an instruction absent an abuse of discretion. *Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005).

To qualify for the applicable manslaughter instruction, there must be evidence of a provocation resulting in an extreme emotional disturbance. *Jackson v. State*, 375 Ark. 321, 290 S.W.3d 574 (2009). Our supreme court has written

> We have held repeatedly that, in order for a jury to be instructed on extreme-emotional-disturbance manslaughter, there must be evidence that the defendant killed the victim in the moment following some kind of provocation, such as "physical fighting, a threat, or a brandished weapon." Passion alone will not reduce a homicide from murder to manslaughter.

*Boyle v. State*, 363 Ark. 356, 362, 214 S.W.3d 250, 253 (2005) (citations omitted).

A trial court's decision not to instruct the jury on extreme-emotional-disturbance manslaughter has been reversed where the appellant shot his lover after she had threatened to tell his wife about their affair and attempted to shoot him. *See Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992). In that case, Rainey testified that after the victim's threat an argument ensued, the victim pointed a gun at him, he grabbed her hand, and a shot was fired into the ceiling. He took the gun away from her and shot her four times in the

head as she was falling to the floor. The supreme court reasoned:

> The jury was presented with evidence that Rainey shot Kirkpatrick while in a fit of anger aroused by being threatened with a gun. The jury could have believed that this anger provoked an extreme emotional disturbance for which there was a reasonable excuse, and thus it could have found Rainey guilty of manslaughter rather than murder in the first degree.

*Rainey v. State,* 310 Ark. at 424, 837 S.W.2d at 456. Likewise, in *Whittier v. State,* 84 Ark.App. 362, 141 S.W.3d 924 (2004), this court, citing *Rainey,* held that the trial court had erred in refusing to give a manslaughter instruction to the jury. In *Whittier,* there was evidence that the victim shot at the appellant twice before his gun jammed; the appellant then pulled his own gun and shot the victim.

■ Appellant argues that the prior shooting incident, coupled with Clark's statements on the day of the fatal shooting, indicated that Clark might be armed. This was sufficient, he contends, to provide both provocation and the resulting passion that must be shown for a manslaughter instruction to be warranted. The State contends that there was not adequate provocation for a manslaughter instruction. We agree that a manslaughter instruction was not warranted under these facts. The evidence showed that appellant is the one who approached the victim, and their initial contact was a mere exchange of words in "normal" voices. Appellant's perceived threat in this situation did not provide a "reasonable excuse" for appellant to shoot the victim under a claim of extreme emotional disturbance because from the evidence it is clear that appellant was free to drive away at any time. Further, the victim was backing away from the car when appellant began to shoot, and he was unarmed. We hold that the trial court did not abuse its discretion in declining to instruct the jury on manslaughter.

Affirmed.

PITTMAN and BROWN, JJ., agree.