2012 Ark. App. 466

**Eugene THOMAS III, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–1119.**

Court of Appeals of Arkansas.

Sept. 12, 2012.

Thomas M. Carpenter, Little Rock, Office of the City Attorney, for appellant.

Keith Hall and Valerie Thompson Bailey, for appellee.

LARRY D. VAUGHT, Chief Judge.

Eugene Thomas III was convicted by an Ashley County Circuit Court jury of aggravated robbery and commercial burglary. He was sentenced to twenty years' imprisonment for the aggravated-robbery conviction and five years' imprisonment for the commercial-burglary conviction, to be served concurrently. On appeal, he challenges the trial court's (1) refusal to give a jury instruction on the lesser-included offense of attempt to commit aggravated robbery; (2) admission of evidence at sentencing of his participation in a prior robbery; and (3) denial of his motion for mistrial. We affirm.

On September 24, 2010, a man entered the Dollar General Store in Crossett, Arkansas, just before closing and hid in an employee-only storage room. Two Dollar General employees—Whitney Bridges and Nicole Waltman—testified that they saw the man enter the store. Because they did not see him exit, they walked around the store looking for him but did not find him. They began closing procedures, which included locking the front door and counting the money in the registers. When Waltman was locking the front door, she saw a dark Dodge Caravan parked outside the store. She testified that the driver of the van told her that he was waiting for someone who was not inside Dollar General. Minutes later, Bridges saw the man who had entered the store earlier suddenly run out of the storeroom. He was wearing a red baseball cap on his head, a bandana over his face, and was carrying a gun. She screamed and ran toward the front door, falling on the way. Bridges testified that she saw the man point his gun at her and heard him yell to Waltman to stop. Hearing Bridges scream, Waltman unlocked the front door and ran outside. She testified that she heard the man yell to her, "Stop or I'm going to shoot." The man ran out of the store and into the Dodge van that was parked outside.[1] The suspect was later arrested and identified as Thomas. During his police interrogation, Thomas was shown surveillance video from the store. He admitted that he was in the video and gave a detailed confession.

Thomas argues three points on appeal. The first point is that the trial court erred in refusing to give the lesser-

---

1. The van was being driven by an accomplice, Thomas's brother Dewayne Spearman.

included-offense jury instruction of attempted aggravated robbery. We have stated that it is reversible error to refuse to instruct on a lesser-included offense when there is the slightest evidence to support the instruction. *Taylor v. State*, 2009 Ark. App. 627, at 3, 331 S.W.3d 597, 598. We have further made it clear that we will affirm a trial court's decision not to give an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Id.*, 331 S.W.3d at 598. Where there is no evidence that calls into doubt an element of the greater offense, a trial court is not required to give an instruction on a lesser-included offense. *Davis v. State*, 97 Ark.App. 6, 10, 242 S.W.3d 630, 634 (2006). An appellate court will not reverse a trial court's decision regarding the submission of such an instruction absent an abuse of discretion. *Taylor*, 2009 Ark. App. 627, at 3, 331 S.W.3d at 598.

A person commits the offense of aggravated robbery if he commits robbery, and the person is armed with a deadly weapon, represents by word or conduct that he or she is armed with a deadly weapon, or inflicts or attempts to inflict death or serious physical injury upon another person. Ark.Code Ann. § 5–12–103 (Repl.2006). A person commits the offense of robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark.Code Ann. § 5–12–102(a) (Repl.2006).

An offense is a lesser-included offense if it consists of an attempt to commit the offense charged. Ark.Code Ann. § 5–1–110(b)(2) (Supp.2011). Arkansas Code Annotated section 5–3–201(a)(2) (Repl.2006) provides that a person attempts to commit an offense if he or she purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be. The comments to section 5–3–201 state that subsection (a)(2) is primarily directed at situations where substantial steps not amounting to completed courses of conduct have been taken, but have not culminated in the commission of the object offense. Original Commentary to Ark. Code Ann. § 5–3–201 (Repl.2006).

In the case at bar, Thomas claims that the trial court abused its discretion by refusing to give the lesser-included-offense jury instruction of attempted aggravated robbery because there was a factual question for the jury as to whether he employed or threatened to immediately employ physical force. He argues that there was disputed testimony about whether he yelled to one of the employees "stop or I'll shoot" or just "stop." He further contends that the evidence did not demonstrate that he chased the employees, but that he was frightened, was merely trying to get out of the store, and ran in the opposite direction of the employee who exited the store. According to Thomas, this evidence provided the trial court a rational basis to give the lesser-included instruction on attempted aggravated robbery. We disagree.

Contrary to Thomas's argument, the evidence he relies on simply does not support attempted aggravated robbery. Assuming Thomas did only yell "stop" to Waltman and that he ran away from her as he exited the store, this is not evidence of the offense of attempt, i.e., evidence that constitutes a substantial step in a course of conduct intended to culminate in the offense of aggravated robbery. Also, there was no factual question as to whether he employed or threatened to immediately employ physical force. The evidence was

undisputed that Thomas stormed out of the back stockroom brandishing a gun and pointed it at the Dollar Store employees. This was more than a substantial step intended to culminate in aggravated robbery; this was conduct that actually completed the commission of that greater offense.

Because all the evidence in this case supports Thomas's completion of the greater offense of aggravated robbery, there was no rational basis for giving the lesser-included-offense instruction of attempt to commit aggravated robbery. Therefore, the trial court did not abuse its discretion when it refused to give that instruction, and we affirm on this point.

For his second point on appeal, Thomas argues that the trial court erred in admitting evidence at sentencing of his participation in a prior robbery. The State sought to introduce evidence of Thomas's involvement in the robbery of another Dollar General store (located in Lake Village, Arkansas) eight days prior to the robbery giving rise to this appeal. The State's evidence was that on September 16, 2010, around 8:00 p.m., Thomas waited outside the store in a vehicle while his brother, Spearman, entered the store and hid in the stockroom in the back. Later, Spearman, wearing a bandana and a red baseball cap, came out of the stockroom, brandished a gun, forced the employees into the stockroom and onto the ground, made them crawl to the front of the store to retrieve and give Spearman $3000, and then ordered them back to the stockroom. Spearman left the store in the vehicle waiting outside driven by Thomas. Thomas's confession regarding his involvement in the Lake Village robbery was also a part of the evidence sought to be introduced by the State.

Thomas moved in limine to exclude this evidence, but the trial court denied the motion. He argues that this was error.

Specifically, he contends that his involvement in the Lake Village robbery is not relevant because, while he has been charged in that crime, he has not been convicted. He also argues that the evidence concerning the Lake Village robbery is irrelevant because it lacks sufficient similarity to the Crossett robbery. In the former robbery he waited in the vehicle, while in the latter he entered the store.

A trial court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *White v. State,* 2012 Ark. 221, at 4, 408 S.W.3d 720, 723. Our supreme court has made clear that the rules of evidence apply to evidence introduced at the sentencing phase; however, certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. *Id.,* 408 S.W.3d at 723. Arkansas Code Annotated section 16–97—103 (Repl.2006) provides that evidence of character and aggravating circumstances are relevant at sentencing.

We first hold that it is of no consequence that Thomas had not yet been convicted of the Lake Village robbery. If relevant, evidence of the Lake Village robbery may be admitted during sentencing. *Brown v. State,* 2010 Ark. 420, at 14, 378 S.W.3d 66, 74 (rejecting Brown's argument that trial court erred in admitting evidence of an alleged sexual assault that occurred thirty-four years prior and for which he was never charged or convicted; holding that evidence of prior assault in Brown's sentencing for his sexual-assault conviction was relevant and admission of same was not an abuse of discretion).

As for relevance, the fact that Thomas was an active participant in two robberies, just days apart and committed in nearly the same fashion, is relevant character evidence and is evidence of aggravating circumstances showing his propensity to engage in similar criminal conduct. *Brown,*

2010 Ark. 420, at 14, 378 S.W.3d at 74 (holding that evidence of prior or subsequent uncharged criminal conduct can be admissible at the penalty phase of a trial if it is relevant evidence of the defendant's character or as character evidence or evidence of an aggravating circumstance); *Crawford v. State*, 362 Ark. 301, 306, 308, 208 S.W.3d 146, 149, 151 (2005) (holding that evidence of subsequent drug activities, introduced during the sentencing phase of Crawford's trial for possession of drug paraphernalia with intent to manufacture, was relevant character evidence and demonstrated his propensity to engage in illegal conduct in the future and was thus relevant as an aggravating circumstance). Therefore, we affirm on this point.

For his final point, Thomas argues that the trial court erred in denying the motion for mistrial. During the closing arguments of sentencing, Thomas's counsel told the jury that Thomas should receive the minimum sentences for his crimes because he "fully cooperated" with authorities. Counsel stated that Thomas did not fight extradition to Arkansas, and instead ⌊₇of invoking his rights to remain silent and have representation, he gave a full confession to police. In response to that argument, arguing that the jury should give Thomas the maximum sentences, the State told the jury:

> PROSECUTOR: I find it interesting that [Thomas's counsel] could get up here and say that a person who has committed two aggravated robberies whether he was the driver in one or not, deserves the minimum. I find it interesting that you say, well, he cooperated, therefore he deserves the minimum particularly where he didn't admit his guilt to you today. We spent the whole day here finding him guilty. That's what we've been doing.

At this point, counsel for Thomas moved for a mistrial, contending that the State's argument was improper because it was a comment on Thomas's Fifth Amendment right not to testify. The trial court denied the motion for mistrial, but it granted Thomas's counsel's request for an admonishment. The trial court stated to the jury, "I'm going to ask you to disregard the statement by the prosecution when it made the statement to the effect that [Thomas] did not admit to his guilt. And it is the statement of the defense that [the comment] is a violation of the rules."

On appeal, the only "argument" made by Thomas on this point is that the trial court erred because the State's remark was an improper comment on his right to not testify and was an "outright criticism of [him] for not pleading guilty." There is no legal citation or convincing argument—just conclusory statements. Where it is not apparent without further research that the argument is well-taken, our supreme court has made it clear that we will not address those arguments that are presented without citation to authority or convincing argument. *N.D. v. State*, 2012 Ark. 265, at 10, 411 S.W.3d 205, 211; *MacKool v. State*, 2012 Ark. 287, at 5, 423 S.W.3d 28, 32.

⌊₈Moreover, any prejudice suffered by Thomas by the denial of the motion for mistrial was cured by the admonition that his counsel requested at trial and that was given to the jury. An admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice cannot be served by continuing the trial. *Hudson v. State*, 85 Ark.App. 85, 98, 146 S.W.3d 380, 388 (2004) (affirming the denial of a motion for mistrial because the cautionary instruction given to the jury helped to cure any preju-

dice resulting from the admission of objectionable Rule 404(b) evidence); *Kemp v. State,* 335 Ark. 139, 144, 983 S.W.2d 383, 386 (1998) (holding that trial court's admonition to the jury cured any prejudice from prosecutor's remarks in closing argument). Therefore, we affirm this final point.

Affirmed.

ROBBINS and ABRAMSON, JJ., agree.