SLIP OPINION

Cite as 2014 Ark. 290

# SUPREME COURT OF ARKANSAS

No. CR-13-842

| | |
|---|---|
| | **Opinion Delivered** June 19, 2014 |
| EUGENE THOMAS, III<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | PRO SE MOTION FOR DUPLICATION OF APPELLANT'S BRIEF AT PUBLIC EXPENSE<br>[ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-10-155]<br><br>SUBSTITUTED OPINION ON DENIAL OF REHEARING.<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2011, appellant Eugene Thomas, III, was found guilty by a jury of aggravated robbery and commercial burglary. An aggregate term of 240 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Thomas v. State*, 2012 Ark. App. 466, 422 S.W.3d 217.

Subsequently, appellant filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The petition was denied, and appellant lodged an appeal from the order in this court.

Now before us is appellant's motion to have his brief-in-chief duplicated at public expense. We need not consider the merits of the motion because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not succeed. *Dodge v. State*, 2014 Ark. 116 (per curiam). Accordingly,

SLIP OPINION

the appeal is dismissed, and the motion is moot.

The claims raised in the petition concerned whether appellant's attorney afforded him effective assistance at trial and on direct appeal and, to a lesser degree, whether the evidence was sufficient to sustain the judgment of conviction. A review of the record and the order reveals that there was no merit to the Rule 37.1 petition.

To the extent that any allegation in the petition was intended to challenge the sufficiency of the evidence to sustain the judgment, it would appear that appellant misunderstood the scope of a Rule 37.1 proceeding in his case. Questions pertaining to the sufficiency of the evidence are matters to be addressed at trial and on direct appeal and are not cognizable in a postconviction proceeding. *Green v. State*, 2014 Ark. 455 (per curiam); *Crain v. State*, 2012 Ark. 412 (per curiam). A postconviction proceeding is not a substitute for direct appeal. *Green*, 2014 Ark. 455. Likewise, it is not an opportunity to challenge the strength of the evidence. *Id.*

With respect to the numerous assertions of ineffective assistance of counsel contained in the Rule 37.1 petition, when considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to

*Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

"[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant argued that counsel was ineffective in that counsel did not formulate any kind of trial strategy; did not voir dire the jury on the presumption of innocence, burden of proof, and the "corpus delicti rule" requiring the State to prove the intent to commit the offense other than relying on "his stand-alone confession"; erred in admitting in the opening statement and closing argument that appellant was guilty and thus violated appellant's right to avoid self-incrimination and failed to argue in the closing argument that the State had not proved its case regarding intent beyond a reasonable doubt; did not seek the corpus delicti jury instruction; failed to raise on appeal convincing arguments concerning the trial court's denial of a motion for mistrial; failed to raise on appeal the denial of his motion for directed verdict; did not adequately research, prepare, amend, and perfect the appeal. The allegations of ineffective assistance of counsel were not sufficient to establish that appellant was entitled to relief under Rule 37.1.

At trial, Whitney Bridges and Nicky Waltman, employees of a Dollar General Store, testified that a man, wearing a black-and-white shirt and a red hat, came into the store shortly before closing time and walked to the back of the store toward a storeroom that was closed to the public. A second man was seated in a van outside. Waltman testified that she and Bridges walked through the store before locking the door but did not see the man. Bridges testified that after the door was locked, the man appeared from the back of the store with a black bandana

over his face and a silver-and-black gun in his hand. The man and Bridges ran toward the front of the store where both fell down while Waltman unlocked the door and fled. The man pointed the gun at Bridges, and Bridges testified that he shouted at Waltman to stop. Waltman, who testified that the man yelled for her to stop or he would shoot, continued to run and called 911. After Waltman ran away, the man left the store, and Waltman heard the screech of tires as the van drove away. There was video surveillance equipment in operation at the store that recorded the incident, and a tape taken from those cameras was shown to the jury.

A police officer testified that, in the course of the investigation into the crime, he came upon a van that matched the description of the one seen at the store. Appellant was in the van with his brother, Dewayne Spearman. A search of Spearman's house in Mississippi produced a red hat, a black bandana, and a silver-and-black gun. A black-and-white shirt was seized in a search of appellant's mother's house. When informed of the items seized in the searches, appellant admitted in a recorded interview with police that it was his idea to rob the store and that he was the man who went inside with the gun while Spearman remained in the van. Appellant said in the interview that he became nervous and left without taking anything from the store.

It was appellant's defense that he made a mistake but had admitted it promptly when apprehended, showed remorse for the crimes, willingly returned to Arkansas from Mississippi when arrested, and that the State did not prove all the elements of the offenses for which he was charged. After the State rested its case, counsel was allowed to question appellant out of the hearing of the jury and on the record as to whether he was in agreement with the strategy

SLIP OPINION

to demonstrate to the jury that his conduct did not constitute commercial burglary or aggravated robbery and whether he wished to testify in the guilt phase. Appellant said at that time that he did not agree with the State's position that he had aimed the gun at the woman lying on the floor with intent to use force but that he did not wish to testify. Counsel asked for a directed verdict as to both charges for failure to prove the elements of the offenses and also requested a jury instruction on the lesser-included offense of attempted aggravated robbery.

With respect to appellant's claims of ineffective assistance of counsel that rested on his attorney's decision to concede that appellant was the man who went into the store as described by Bridges and Waltman, appellant did not establish that his attorney was ineffective within the *Strickland* standard. First, appellant failed to explain in his petition what defense counsel should have pursued that would have resulted in a different outcome of the trial. Moreover, considering the totality of the evidence, including the witnesses' testimony, the video tape, the items seized in the searches, and appellant's statement to the police, it cannot be said that counsel failed to formulate any kind of trial strategy to counter the overwhelming evidence of appellant's participation in the offenses. It is clear from the record lodged on direct appeal that counsel made a concerted effort to establish that appellant was not guilty of commercial burglary and aggravated robbery but of a lesser offense. Even if counsel's strategy proves unsuccessful, when a decision by counsel is a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for postconviction relief under Rule 37.1. *Ellis v. State*, 2014 Ark. 24 (per curiam); *Hayes v. State*, 2014 Ark. 104, ___ S.W.3d ___. Again, under *Strickland*, a court must indulge in a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance, and a claimant has the burden of overcoming this presumption by identifying specific acts or omissions of counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Ellis*, 2014 Ark. 24. The strong evidence adduced by the State against appellant supports counsel's strategy to question whether the State had proved the elements of the offenses, including appellant's intent to commit the offenses.

As to the remaining allegations of ineffective assistance of counsel, appellant failed to show that counsel made any specific error that would undermine confidence in the jury's decision within the framework of *Strickland*. The claims asserted by appellant were essentially conclusory statements without the factual substantiation required to establish ineffective assistance of counsel. A claim of ineffective assistance of counsel must be supported by facts sufficient to overcome the presumption that counsel was effective. *See Mathis v. State*, 2014 Ark. 148 (per curiam). Appellant did not explain why any particular jury instruction was warranted, what specific queries counsel should have made to the jury in voir dire, or otherwise establish with facts that counsel's conduct fell below an objective standard of reasonableness. To succeed on an allegation that counsel should have made an argument in the trial court, the burden is on the petitioner to submit facts to support the proposition that a specific, meritorious argument could have been made and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment. *See Montgomery v. State*, 2014 Ark. 122.

As to appellant's arguments that his attorney was ineffective on direct appeal, the claims were not supported by facts sufficient to show that there was any argument that was made to

SLIP OPINION

the appellate court that was deficient in some specific manner. He also failed to show that there was any argument that could have been made, but was not, that would have resulted in reversal of the judgment. The Sixth Amendment extends the right to effective assistance of counsel to the direct appeal of a judgment of conviction. *See Sartin v. State*, 2010 Ark. 16 , 362 S.W.3d 877 (per curiam). But, as with allegations of ineffective assistance of counsel at trial, the claims must be supported with a factual basis to establish that a meritorious issue could have been raised. Here, appellant's allegations were not supported by facts, and mere conclusory allegations are not sufficient to establish ineffective assistance of counsel at trial or on direct appeal. *Moore v. State*, 2014 Ark. 231 (per curiam).

Appeal dismissed; motion moot.

*Eugene Thomas, III*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.